HUDSON *vs.* THE BOARD OF EDUCATION OF CHEROKEE COUNTY.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

Where upon the face of the bill of exceptions it appears that the recommendation of the grand jury on which the judge removed the plaintiff in error from the office of county school commissioner was made on the petition of the county board of education, and where the president of the board was served too late with a copy of the bill of exceptions, the proceeding in the court below cannot be treated as *ex parte,* so as to render due service of the bill unnecessary under section 4260 of the Code. The removal having been recommended on the official petition of the board, the board stood in the relation of a substantial party, and would be entitled to be heard in the supreme court.

BLECKLEY, Justice.

Parties. Schools. Practice in the Supreme Court, August Term, 1878.

At the February term, 1878, of Cherokee superior court the board of education of the county preferred charges before the grand jury against Hudson, the county school commissioner, and asked for his removal from office. He filed an elaborate reply. The grand jury recommended his removal, and the judge of the superior court so ordered. To this judgment and the proceedings leading thereto, Hudson excepted.

When the case was called in this court, the defendants moved to dismiss the writ of error because the president of

the board of education had not been served with a copy of the bill of exceptions within the time prescribed by statute. This was admitted by counsel for plaintiff in error, but it was replied that the proceeding was *ex parte* and therefore no service was necessary.    The court ruled as indicated in the head-note.

IRWIN, McCLATCHEY & IRWIN ; C. D. PHILLIPS, for plaintiff in error.

J. L. BROWN, for defendants.